Campbell, J.:
The circuit court of Kalamazoo county ordered defendant to make certain payments for expenses of litigation and for temporary support in favor of complainant, who had brought a suit against him for a divorce. The allowance was fifty dollars for solicitor’s fee, twenty dollars for securing attendance of witnesses, and twenty dollars a month temporary alimony. This order was made upon full hearing on the 29th of November, is^s.
On the 13th day of June, 1816, after an examination on interrogatories, and the hearing of proofs, defendant was adjudged guilty of contempt, and ordered to pay forthwith the arrears of two hundred and ten dollars and a fine of one hundred dollars, and in default to stand committed for *four months unless he should sooner pay the same. He appeals from that order.
It is first objected that an appeal will not lie. This has already been decided in several eases. It was held in People ex rel. Messler v. Simonson, 9 Mich. R., 492, that such an order was a final order and appealable. — See also People v. Jones, 33 Mich., 303.
Some controversy is also made as to the extent of the jurisdiction on appeal. In all appeals the matter is heard in the appellate court as if it had not been heard before, and the *137 order made is such as should have been made below. But of course an appellate court will always render such respect to the views of the inferior tribunal as not to disturb its orders without being satisfied of their requiring correction.
Where the order which is alleged to have been violated was made without jurisdiction, and required what the court had no right to require as a matter of legal authority, of course it has no force, and no one is guilty of legal wrong in disobeying it. This was decided in People v. Simonson, 10 Mich. R., 335. But if, on the other hand, the. order disobeyed was a valid order, the question of punishment for disobedience will depend on whether the conduct of the party is intentionally and willfully contumacious, or whether his disobedience is qualified by circumstances which should fairly exempt him from serious blame.
It is claimed in the present case that the order for alimony was invalid, and if valid, that it should have been enforced by a different remedy. It is also claimed that the defendant had not the means to make the payments, and should be excused on that account as not a willful offender.
The right to grant temporary alimony has been recognized without question in all divorce suits where the circumstances required it. — Story v. Story, Walk. Ch. R., 421; Goldsmith v. Goldsmith, 6 Mich. R., 285. The statute makes express provision for requiring the husband to “ pay *any sums necessary to enable the wife to carry on or defend the suit during its pendency.”— G. L., § Whether this would include advances for support, or must be strictly confined to legal expenses, is not very important, as the allowances have always been upheld as under at least as strong an equity and as necessary to prevent a failure of justice.
The allowance of such temporary support and expenses should be confined to what may be reasonably regarded as necessary in each case. But how far the allowance can be reviewed or criticised in a proceeding for contempt, unless so manifestly oppressive as to require consideration as an abuse, is a question on which we need not now spend time. Where power is made to rest in discretion, and the order is not itself *138 appealable, it is safe to say that if it can be considered at all collaterally it must be a very plain abuse that will permit it to be considered.
There is nothing in the present case to indicate that the court acted on anything but legal evidence in fixing the allowance. The conclusions were such as were fairly within the range of the proof, and do not present any case of want of power or abuse of power.
It is claimed, however, that the remedy for non-payment should have been by execution. We have no difficulty in holding that the process of contempt to enforce civil remedies is one of those extreme resorts which cannot be justified if there is any other adequate remedy. The statutes have done away with the barbarous rules which made process of contempt the usual remedy for the enforcement of equitable rights. Payment of money can only be enforced by attachment “where by law execution cannot be awarded for the collection of such sum.’’— G. L., § 5689, Sub. 8.
It is provided by § 5099 that “the court may enforce performance of any decree, or obedience thereto, by execution.”
The section under which advances may be ordered for legal expenses contains in its conclusion the following *clause, which the defendant insists covers this case; “And it may decree costs against either party, and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver.” — § 17.Jf>.
The issue of execution is here in terms confined to costs, and does not cover the other allowances. The costs are such costs as are decreed. The term decree is not applicable to the interlocutory orders made for the furtherance of suits, but belongs to such adjudications as settle some right or liability pertaining to the substance of the controversy. It is probable that provision for costs originated in the fact that divorce px-oeeedings are statutory, and not within the original cognizance of courts of equity. This provision is found in the divoi-ce law of 1827 (Act of April 12, 1827), and has been continued in all the statutes on that subject, while the enfoi’cement of equita *139 ble decrees by execution is comparatively recent. The nature and purpose of allowances to carry' on litigation would not allow them to depend for enforcement on executions. Unless they can be enforced in some other way, they may be practically defeated. They do not come within the language of the provision covering costs, and are not within its equity. If not recoverable by execution, then process of attachment lies.
The only remaining question is, whether the record shows defendant to have acted contumaciously. We shall not follow the discussion concerning what papers are properly before us. We find no difficulty in disposing of this matter on the acknowledged documents.
There is no dispute about the defendant’s failure to comply with the order. But he claims that he had not the means of doing so. It is evident that when the original order was made he had considerable property, and that when the suit was commenced he had still more. An injunction was issued, and he insists that this tied his hands so that if he desired to raise money he could not do so. ^This pretext amounts to nothing. The evidence indicates very plainly that it is fraud, and not poverty, which has prevented the payment, and the court below was well warranted in considering the defense to the motion as evasive and without truth. We are of the same opinion.
The order contains one provision which is not authorized by law. The statute is express that when the court in contempt proceedings orders the payment of money to the injured party, that shall stand “instead of a fine.” — § 5709. Here the order required the payment of two hundred and ten dollars to complainant, and a criminal fine of one hundred dollars besides. The separate fine was illegal, and so much of the order as provided for it must be reversed and vacated, and the remainder affirmed, with costs of this court, in favor of complainant. The reversal does not reach any of complainant’s rights, as the fine was imposed as a public penalty. The appeal was against the whole decree, and this defect was not pointed out on the argu *140 ment as a separate grievance. It is not one over which complainant had any control.
The other justices concurred.