### HOFFMAN v. HOFFMAN.

1. DIVORCE—JURISDICTION—RESIDENCE OF PARTIES—LOSS—STATUTES.

Where, on a bill for a divorce, the complainant, after her marriage, removed from the State with her husband, and, upon leaving him, returned to the State, and within a month filed her bill, the court is without jurisdiction; the statute (section 8624, 3 Comp. Laws, as amended by Act No. 210, Pub. Acts 1899) requiring a residence in this State for one year immediately preceding the time of filing the bill.

2. COSTS—APPEAL—AFFIRMANCE.

On an appeal from a decree dismissing a bill, defendant not having filed a brief, an order of affirmance will be without costs.

Appeal from Berrien; Coolidge, J.   Submitted November 9, 1908.   (Docket No. 120.)   Decided January 4, 1909.

Bill by Effie May Hoffman against David R. Hoffman for a divorce. From a decree dismissing the bill, complainant appeals. Affirmed.

*James O'Hara*, for complainant.

MONTGOMERY, J. This is a bill filed for divorce on the ground of extreme cruelty. After hearing the evidence on the part of the complainant, the circuit judge held that the bill could not be maintained, for the reason that the complainant had not been a resident of this State for one year immediately preceding the time of filing the bill for divorce.

There is no testimony offered on behalf of the defendant. That adduced by the complainant tended to show that the marriage was a most unfortunate one, and that the defendant had been guilty of the acts of cruelty which were charged in the bill. The evidence as to residence of the complainant was as follows: She had for many years been a resident of St. Joseph, Mich., and while on a visit to Chicago, on July 29, 1907, she was married to the defendant. The parties did not cohabit together as husband and wife until about the 10th of August. The marriage had been kept secret, the wife, after the ceremony, returning to Michigan and visiting an aunt at Holland. It became known, however, to some of their acquaintances that the marriage had taken place. The wife returned to St. Joseph, and telegraphed the defendant, who came on to St. Joseph on August 10th. They then occupied the same room for a few days, and on the 14th of August the complainant's mother (by adoption) was made acquainted with the fact of this secret marriage. It would seem that the parties had expected that complainant should continue with her mother for a year or so, but when the mother was made acquainted with the fact of the secret marriage, she told complainant that she must go and live with her husband, and that she ought not to come to live with her. This conversation occurred on

Thursday, and on the following Sunday, about the 17th of August, complainant went with her husband to Chicago, and commenced living with him there. The defendant's home was with his mother, a widow, and all three continued to occupy the same house until the 21st of October, 1907, the complainant in the meantime having sent over a considerable amount of household furniture from her home in St. Joseph to Chicago. She made various visits back and forth. On the 21st of October, 1907, complainant left the defendant, and returned to St. Joseph to make her home with Mrs. Parker. She left without defendant's consent. Complainant may have had a hope that Mrs. Parker would relent and allow herself and defendant both to live with her. But there is nothing to indicate that, when she went to Chicago with the defendant, she had any other thought than to make her home with him, either at Chicago, where he then lived, or, if they should subsequently return to St. Joseph, at that place. She gave up her residence for that of the husband, and there is no room for saying that she continued her residence during this time at St. Joseph. A distinction is sought to be drawn between residence and domicile, complainant's counsel conceding that the rule is that the domicile of the husband is that of the wife, but contending that, under the facts in this case, her residence continued to be in St. Joseph. We cannot assent to this view. Not only was her domicile in Chicago, but she undoubtedly intended to reside there, unless a certain contingency should happen, which did not occur. The statute is very clear. Section 8624, 3 Comp. Laws, as amended by Act No. 210, Pub. Acts 1899, provides:

" No decree of divorce shall be granted by any court in this State in any case unless * * * the party applying therefor shall have resided in this State for one year immediately preceding the time of filing the bill or petition therefor."

This bill was filed about one month after the return of the complainant to St. Joseph. She had not resided in St.

Joseph for a year immediately preceding the filing of the bill. The decree is affirmed.

As no brief was filed in this court for defendant, the order of affirmance will be without costs.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.