## Richmond

### YATES V. YATES.

#### November 20, 1913.

1. DIVORCE—*Desertion—Case in Judgment—Jurisdiction Declined.*—
The trial court properly refused to entertain a suit for divorce
(on the ground of desertion) brought by the husband, where it
appeared that the native domicile, as well as the matrimonial
domicile, of the parties was the District of Columbia, to which the
plaintiff goes daily as a sleeping car conductor; that he pro-
ceeded against his wife by order of publication, and gave her no
other notice of depositions taken in the city of Washington or
elsewhere; that the affidavit for the order of publication was
fatally defective, and no order of publication has been produced
and filed in the cause, or noticed by the clerk, and there has
been no appearance by the wife, by counsel or otherwise; that
the defendant is a non-resident of the State; that the parties
never cohabited in this State, and the evidence does not establish
a *bona fide* residence of the plaintiff in the county in which
the suit was brought.

Appeal from a decree of the Circuit Court of Rocking-
ham county. From a decree refusing to take jurisdiction,
the complainant appeals.

*Affirmed.*

The opinion states the case.

*Charles A. Hammer,* for the appellant.

*No appearance* for the appellee.

KEITH, P., delivered the opinion of the court.

John C. Yates filed his bill in the circuit court of Rock-

ingham county, charging that his wife had deserted him for more than three years prior to the institution of the suit, and that she is now a non-resident of Virginia. The defendant was not served with process, and did not appear or plead in person or by attorney. Depositions were taken to prove the allegations of the bill, and when the case came on to be heard the circuit court entered the following decree:

"For reasons expressed in writing and filed with the papers of the cause as part of the record, the court declines to entertain jurisdiction of this cause and the same is dismissed from the docket of the court."

The opinion of the court referred to in the decree is in part as follows: "The native domicile of these parties, plaintiff and defendant, was the District of Columbia, which was also the matrimonial domicile. The defendant is still a resident in the District of Columbia. The process was served on the defendant by order of publication, and there has been no appearance by defendant. . . . The defendant claimed to be domiciled at Harrisonburg. He testifies that he resided in Alexandria from June, 1908, shortly after the separation with his wife in Washington, until December, 1911, when he became a resident at Harrisonburg. He is a pullman car conductor. There is but one pullman car running to Harrisonburg, and that one runs between Harrisonburg and Washington city, leaving Harrisonburg at 6:40 a. m. and leaving Washington city on the return trip about four o'clock in the afternoon and getting back to Harrisonburg at nine P. M. What kind of a domicile the plaintiff has established at Harrisonburg or what caused him to establish a domicile there, he does not say. He does say, though, that Harrisonburg became his place of residence in December last, and the record shows that he commenced this suit for a divorce in January. In his deposition he gives the exact place of residence of his

wife in Washington city, but he proceeded against her by order of publication, though it would have been cheaper and quite as effectual, under our statute, to give her per- sonal service of notice by an officer in the District of Columbia. He took depositions in Washington city, where his wife lives, but without notice to her, resting upon the sufficiency of the order of publication. He brings his mother and father from their home in Alexandria to Harrisonburg to testify as witnesses in his behalf, though it would have been as convenient for them to take their depositions at their place of residence, and probably more economical also.

"The court considers the fair inferences and implications from the facts stated to justify the conclusion that the plaintiff has sought this jurisdiction for the purpose of getting as far away from his wife as possible and of concealing his suit from her, and that he has come to this jurisdiction for the purpose of bringing this suit and that he has not established a *bona fide* domicile in this county.

"The court will decline jurisdiction and dismiss the suit. Besides the reasons already mentioned for refusing to entertain jurisdiction of the cause, it may be further pointed out that the affidavit on which the order of publication was based is unintelligible and therefore insufficient."

To these reasons moving the circuit court, we may add that there is no order of publication before us at all. There is a statement made by the notary public in the caption to the depositions taken by him on the 16th day of March, 1912, that the defendant had been proceeded against as a non-resident, and the order of publication against her had duly matured; but there is not one word from the clerk, the order of publication itself is not before us, there is no appearance of defendant by counsel, in person or otherwise, and the decree does not state upon what papers the cause was heard in the circuit court.

The statute fixing the jurisdiction of courts in matters of divorce is found in section 2259 of the Code: "The circuit and corporation courts, on the chancery side thereof, shall have jurisdiction of suits for annulling or affirming marriages, and for divorces. No suit for annulling a marriage or for divorce shall be maintainable, unless one of the parties has been domiciled in this State for at least one year preceding the commencement of the suit; nor shall any suit for affirming a marriage be maintainable, unless one of the parties be domiciled in this State at the time of bringing such suit. The suit, in either case, shall be brought in the county or corporation in which the parties last cohabited, or (at the option of the plaintiff) in the county or corporation in which the defendant resides, if a resident of this State, and if not a resident, in the county or corporation in which the plaintiff resides."

It seems that the parties never cohabited in this State; that the defendant is a non-resident of the State; and that the plaintiff claims a residence in Rockingham county, under the circumstances which we have already stated.

We agree with the circuit court that it properly refused, under the facts appearing in this case, to grant the decree prayed for. Its order refusing the divorce is affirmed.

*Affirmed.*