WHITE *v.* WHITE.

1. DIVORCE—PROCEEDINGS WHOLLY STATUTORY.
   Divorce proceedings are wholly statutory and not within the original cognizance of courts of equity.

2. SAME—PROVISION OF STATUTE AS TO RESIDENCE MANDATORY.
   The provision of the statute (3 Comp. Laws 1915, § 11400) requiring that a person applying for divorce must have resided in this State for at least one year is mandatory, and must be made affirmatively to appear in order to confer jurisdiction upon the court.

3. SAME—JURISDICTION.
   Where, in wife's suit for divorce, it appeared that she had

---

[1]Divorce, 19 C. J. §§ 23, 30; [2]Id., 19 C. J. § 41; 30 L. R. A. (N. S.) 745; 9 R. C. L. 405.

resided in this State for only 11 months and 24 days, the court was without jurisdiction to grant a divorce.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 17, 1928. (Docket No. 159.) Decided June 4, 1928.

Bill by Annie White against Thomas White for a divorce. From a decree for plaintiff, defendant appeals. Reversed, and bill dismissed.

*Barnes & Stowers,* for plaintiff.

*Roxborough, Taliaferro, Butler & Jones,* for defendant.

NORTH, J. This is a suit for divorce. The defendant filed an answer but did not seek affirmative relief. A decree was granted to the plaintiff. The defendant has appealed, and he asks to have the decree reversed on the ground that a lawful marriage between the parties was not proven, and also that the plaintiff did not establish such a residence in this State as was necessary to give the court jurisdiction.

If there was a marriage between these parties it was contracted in the State of Georgia. The alleged causes of divorce occurred in Michigan. Under such circumstances it was necessary to prove that the party applying for the divorce had resided in this State for at least one year immediately preceding the time of filing the bill (3 Comp. Laws 1915, § 11400). On this phase of the case the plaintiff testified as follows:

"I have lived in Detroit since 1923. Prior to coming to Detroit I lived in Savannah, Georgia. In 1923 Mr. White sent for me and I came up here to Detroit and have been living here ever since. I don't know whether we separated in 1923 or 1924."

The plaintiff further testified that they lived together in Michigan 11 months and 15 days. She filed her

bill 9 days after the separation.     Thus if, as appears from the record, they lived together from the time plaintiff came to Michigan to the date of separation, she had been in this State less than a year when the bill was filed.     The plaintiff's attorney produced at the trial and offered in evidence a letter written by the defendant to the plaintiff and addressed to her at Savannah, Georgia.     This letter was post-marked at New York, March 3, 1923, and was evidently received by the plaintiff while in Georgia.     The bill of complaint was filed March 3, 1924.     It is stated in counsel's brief:

"We contend first as to residence, 11 months and 24 days is a legal year within the letter and spirit of the statute enough to confer jurisdiction on the court."

The statute requires a full year's residence and a less period does not give the court jurisdiction.     Such a residence was not established by the plaintiff. Divorce proceedings are wholly statutory and not within the original cognizance of courts of equity. *Haines* v. *Haines,* 35 Mich. 138.     The provision of the statute as to residence is mandatory and it must be made to appear affirmatively; otherwise the court is without jurisdiction.     *Bradfield* v. *Bradfield,* 154 Mich. 115 (129 Am. St. Rep. 468) ; *Hoffman* v. *Hoffman,* 155 Mich. 328.

The decree of the lower court is reversed, and one may be entered here dismissing the bill of complaint, without costs.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.