# Richmond

CHARLES CLIFFORD HILES V. MAY HILES.

March 14, 1935.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and
Browning, JJ.

The opinion states the case.

*Samuel E. Forwood* and *Ralph H. Daughton,* for the appellant.

*Harry Cuthriell,* for the appellee.

EPES, J., delivered the opinion of the court.

In May, 1933, Charles Clifford Hiles instituted in the Circuit Court for the city of Portsmouth, Virginia, his suit for a divorce from his wife, May Hiles, on the ground of desertion. The desertion is alleged to have taken place in December, 1930, while the parties were living together in China, where the husband was on duty as a pay clerk in the United States Navy.

On September 29, 1933, the court entered this decree in the cause, from which an appeal has been granted to the plaintiff: "This cause came on this day to be heard on the bill of complaint, the answer and cross-bill of the defendant and the replication to said answer, and depositions of witnesses taken in support thereof and was argued by counsel. It is adjudged, ordered and decreed that the prayer of the said bill be denied, and that the complainant shall pay to Harry Cuthriell, defendant's attorney, the sum of $100, and the costs of this suit and that this cause be dismissed from the docket."

The appellant was the plaintiff below and the parties will be referred to as plaintiff and defendant as they were designated in the court below. Mrs. Hiles made no appearance in this court.

In the view which we take of this appeal these are the only pertinent facts: The plaintiff is a pay clerk in the United States Navy. In 1919 he was married to the defendant, May Peach, at Dover, New Hampshire. In 1920 he was transferred to Hampton Roads, in Virginia, and established and maintained a residence for himself and wife in the city of Portsmouth, where they continued to reside until in January, 1930, when he was ordered to China. His wife joined him there in February, 1930, and they lived together

as man and wife in Shanghai, China, until in December, 1930, when he alleges she deserted him, or was guilty of such acts as to amount to a constructive desertion of him. From December, 1930, until March, 1933, he was on duty in China and Hawaii and en route from Hawaii to Hampton Roads, Virginia. She (whether living with him or not) remained in China until February, 1932, went from there to Hawaii, where she stayed until June, 1932, from there returned to Virginia, on December 18, 1932, and from that time until this suit was instituted had her abode in Portsmouth, Virginia.

He returned to Virginia in March, 1933, and instituted this suit about two months thereafter.

The only other evidence bearing upon the continued maintenance by either of the parties of a residence in Virginia during his or her absence is the following questions and answers taken from different parts of the plaintiff's testimony:

"Q. Have you considered Virginia your residence since 1920?

"A. I have.

"Q. You have alleged that you have been an actual *bona fide* resident of Portsmouth, Virginia, for the past three years. Please state whether you have lived here in Virginia during this time.

"A. No, I have not lived in Virginia during all this time. I am in the Navy and my duties are anywhere I am sent. But Virginia is my residence.

"Q. Where did you vote last?

"A. Never voted in my life, have always been on duty."

Section 5105, Code Virginia 1919, as amended by Acts 1922, page 589, chapter 347, reads:

Section 5105.[1] "The circuit court and corporation courts,

---

[1] The history of this section traces back to the Code of 1849, with only one amendment (that of the Acts of 1852-53) between 1849 and 1887.

Section 8, chapter 109, Code 1849: "The circuit courts, on the chancery side thereof, shall have jurisdiction of suit for annulling or affirming marriages, or for divorces. No such suit shall be maintainable unless the parties have cohabited as husband and wife in

on the chancery side thereof, and every court of this State exercising chancery jurisdiction, shall have jurisdiction of suits for annulling or affirming marriage and for divorces. No suit for annulling a marriage or for divorce shall be maintainable, unless one of the parties *is* domiciled in, *and is and has been an actual bona fide resident of* this State for at least one year preceding the commencement of the suit; nor shall any suit for affirming a marriage be maintainable, unless one of the parties be domiciled in, *and is and has been an actual bona fide resident of* this State at the time of bringing such suit. The suit in either case, shall be brought in the county or corporation in which the parties last cohabited, or (at the option of the plaintiff) in the county or corporation in which the defendant resides, if a resident of this State, and if not a resident, in the county or corporation in which the plaintiff resides." (Italics ours.)

"Is" was substituted for "has been" and the other italicized words inserted in the section by the amendment of 1922.

 As used in some statutes (for instance the Virginia election laws)[2] "residence" and "domicil" are substantially

this State, nor unless the plaintiff is a resident of the State at the time of bringing the suit. The suit shall be brought in the county or corporation in which the parties last cohabited, or (at the option of the plaintiff) in the county or corporation in which the defendant resides, if a resident of this State, but if not, then in the county or corporation in which the plaintiff resides."

By chapter 28, Acts 1852-53, page 47, this section was amended by striking out the second sentence of the section and inserting in lieu thereof the following: "No such suit shall be maintainable, unless the parties, or one of them, is a resident of the State at the time of bringing the suit."

This section was carried into the Code of 1887 as section 2259, with the second sentence amended to read as follows: "No suit for annulling a marriage or for divorce shall be maintainable, unless one of the parties has been domiciled in this State for at least one year preceding the commencement of the suit; nor shall any suit for affirming a marriage be maintainable, unless one of the parties be domiciled in this State at the time of bringing such suit."

Section 2259, Code 1887, was carried into Code 1919 as section 5105, without any change whatever in the second sentence.

[2] *Cooper's Adm'r* v. *Com.*, 121 Va. 338, 346, 93 S. E. 680, quoting with approval opinion of Judge Kelly (then judge of the Corporation Court of the city of Bristol) in *Bruner* v. *Bunting*, 15 Va. L. Reg. 516.

synonymous terms; but plainly they are not synonymous as used in this statute (section 5105, Code Virginia 1919).[3] "One may be domiciled in one State and be a resident of another within the meaning of such statutes"[4] (section 5105).

Within the purview of section 5105, as amended by the act of 1922, to have been an "actual *bona fide* resident of this State" for one year preceding the institution of a suit for divorce, means to have had in this State throughout that period an actual *bona fide* permanent abode, as contradistinguished from a sojourn, or transitory abode, in this State or elsewhere. The plaintiff need not have been physically present in Virginia every day during that period; but it is essential that, during such part of that year as he was absent from Virginia, he has actually maintained in good faith at least a locality somewhere in Virginia as his permanent abode.

As used in the above paragraph and hereafter "permanent abode" means "a for the time being fixed or permanent habitation, or place or locality of abode," and "transitory abode" means a "transitory habitation, or place or locality of abode."

If a person, who has theretofore in good faith established and is then maintaining a permanent abode in the State, goes from the State, and while absent therefrom continuously in good faith maintains that, or some other place or locality in the State, as and for his permanent abode, the establishment of a sojourn, or transitory abode, outside the State will not (so long as his physical residence elsewhere is essentially transitory or a sojourning) put an end to his being an "actual *bona fide* resident of this State" within the

[3] *Towson* v. *Towson*, 126 Va. 640, 102 S. E. 48, and *Chandler* v. *Chandler* (1922), 132 Va. 418, 112 S. E. 856, construing section 5105 prior to amendment of 1922. For other cases discussing the distinction between "residence" and "domicil," see *Long* v. *Ryan*, 30 Gratt. (71 Va.) 718; *Williams* v. *Com.*, 116 Va. 272, 81 S. E. 61; *Cooper's Adm'r* v. *Com.*, 121 Va. 338, 93 S. E. 680. For a case in which the court refused to entertain a suit for divorce because neither of the parties was domiciled in Virginia, see *Yates* v. *Yates* (1913), 115 Va. 678, 79 S. E. 1040.

[4] *Chandler* v. *Chandler*, 132 Va. 418, 427, 112 S. E. 856, 859.

meaning of section 5105. This is true even though his absence from the State be of long duration.

■ But in such a case, where the absence is of long duration, to establish the continued maintenance of a place or locality within Virginia as his permanent abode, something more is necessary than the mere fact that he has always entertained an intention ultimately to return to and physically reside in Virginia and has had no intention of establishing a permanent residence elsewhere. There must be some evidence of concurring acts or forbearances to act which tend to show the *actual* continued maintenance in good faith of some place or locality in Virginia as and for his permanent abode. Neither the unexpressed nor the mere expressed intention to so maintain a place or locality in Virginia as his permanent abode, is alone sufficient to constitute the maintenance thereof as such. Nor is such intention, plus the bare fact that he has returned to his prior habitat in Virginia after several years' absence without having established more than a transitory residence elsewhere, sufficient. There must be actuality of residence.

■ There are many facts which are of evidential value as tending to show the continued actual maintenance in good faith by a person of a place or locality as his permanent abode while he is absent therefrom. Among them are the following: The fact that he leaves his wife and/or dependent children there while continuing to support them; the fact that he keeps a house or room there ready for his occupancy, or has rented it out for a comparatively short time because of his intention to return and occupy it; the fact that he preserves his identity as an inmate of a parent's or other relative's home there; or the fact that he maintains the place or locality as a permanent address for his mail while absent. Where the facts surrounding his actual presence elsewhere show that he may reasonably be considered as being merely a sojourner, any one of these things may be sufficient to establish his continued maintenance in good faith of an actual residence in Virginia; but each case must stand upon its own peculiar facts and circumstances.

In the instant case there is no evidence of any concurrent act (or forbearance to act) during the three years that the plaintiff and defendant were absent from Virginia, which tends in any way to show the continued maintenance in good faith by either of them of any place in Virginia as and for his or her permanent abode. The evidence is sufficient to establish a continuance by them of their domicil in Virginia; but it is not sufficient to establish that either of them continued to be "an actual *bona fide* resident of this State" after he or she left it to go to China in 1930. It is true that the plaintiff was in the service of the United States Navy, and went to China and remained there and elsewhere under orders until he returned under orders to Virginia in March, 1933. But these facts did not of themselves operate to preserve his status as an "actual *bona fide* resident of this State," without his having done anything indicative of the continued maintenance of some place or locality in Virginia as his permanent place of abode.

That one of the parties "is and has been an actual *bona fide* resident of this State for at least one year preceding the commencement of the suit for divorce" is essential to the maintenance of the suit and must be established by evidence introduced in the cause, or the suit should be dismissed. *Chandler* v. *Chandler*, 132 Va. 418, 422-427, 112 S. E. 856;[5] *Towson* v. *Towson*, 126 Va. 640, 102 S. E. 48. The evidence was not sufficient to establish that either of the parties had "been an actual *bona fide* resident of this State" continuously for more than about two months, in the case of the plaintiff, and six months, in the case of the defendant, when the suit was instituted. Therefore, the court should have dismissed the bill for this reason without passing upon any other question raised by the bill; and the

[5] In *Towson* v. *Towson* the court, in an opinion written by Burks, J., in which Sims, J., concurred, said that the provision contained in the last sentence of section 5105, Code Va. 1919, went to the *venue* of the State and not to the jurisdiction (?) of the court or the right of the plaintiff to maintain such a suit. But in *Chandler* v. *Chandler*, in an opinion by Sims, J., which was concurred in by Burks, J., the court disapproved this statement, saying: "The expression * * * in that case [*Towson* v. *Towson*] with respect to venue was not necessary to the decision, and was inadvertently used."

decree of the circuit court will be reversed and the following decree entered here:

The court, being of opinion that the evidence is insufficient to establish that either the plaintiff or defendant had been an actual *bona fide* resident of this State for as much as one year next preceding the time this suit was instituted, doth so adjudge, and doth decree that the plaintiff's bill be and is for that reason dismissed, but such dismissal shall be without prejudice to the right of either party to institute a suit for a divorce upon any lawful ground in any court then having jurisdiction to entertain it. The court doth further decree that the defendant (May Hiles) do recover of the plaintiff her costs in and about defending this suit in the circuit court, including the sum of $100, which was allowed to her by it as a fee to her attorney, Harry Cuthriell, for his services in and about her defense in that court.

> *Reversed, but decree here entered for defendant in error dismissing the bill for lack of residence of either party for the time prescribed by statute.*

CAMPBELL, C. J., and HOLT, J., dissenting.