NALLEY *v.* NALLEY.

1. DIVORCE—JURISDICTION—DOMICILE—STATUTES.

Plaintiff in suit for divorce on grounds of extreme cruelty who had been married in another State but had resided in this State approximately 16 months before suit was started, alleged causes of divorce arose in this State when defendant was domiciled herein, and obtained service on him in this State, satisfied statutory requirements as to jurisdiction, provision as to two years' residence being inapplicable where both parties were domiciled here when cause for divorce arose (3 Comp. Laws 1929, § 12731).

2. SAME—COSTS ON APPEAL—DISMISSAL OF BILL ON COURT'S OWN MOTION.

No costs are allowed on wife's appeal from order of trial court dismissing bill for divorce on his own motion.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 15, 1939. (Docket No. 99, Calendar No. 40,624.) Decided September 5, 1939.

Bill by Alta Mae Nalley against Monroe Nalley for an absolute divorce. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Lyle S. Church,* for plaintiff.

NORTH, J. By her bill of complaint plaintiff sought a divorce from the bonds of matrimony on the grounds of extreme cruelty. Her bill alleged and she testified that the parties were married in the State of Illinois October 30, 1934; that they had lived in Michigan more than a year, approximately 16

months, before this suit was started on December 15, 1938; and that the causes of divorce arose in Michigan. Service of process was made on defendant in this State. His default for nonappearance was regularly entered. The circuit judge, of his own motion, dismissed plaintiff's bill of complaint on the sole ground that two years' residence in this State before starting suit is required to give the court jurisdiction. Plaintiff, claiming only one year's residence in the State is required to give jurisdiction where the causes for divorce arose in this State, has appealed.

The question of jurisdiction is controlled by 3 Comp. Laws 1929, § 12731 (Stat. Ann. § 25.89). The domiciliary requisites as to a plaintiff are:

"First, The party applying therefor shall have resided in this State for one year immediately preceding the time of filing the bill or petition therefor; or

"Second, The marriage which it is sought to dissolve was solemnized in this State, and the party applying for such divorce shall have resided in this State from the time of such marriage until the time of bringing such suit for divorce."

The cited statute further provides as to the defendant that no divorce shall be granted in this State unless (1) the defendant is domiciled in this State at the time the suit was started, or (2) was so domiciled when the cause of divorce arose, or (3) the defendant shall have been brought in by publication, or by personal service of process in this State, or by personal service of an order of appearance and publication within this State or elsewhere, or has voluntarily appeared in the divorce proceedings.

The same section of the statute also contains the further provision:

"When the defendant in any case for divorce shall not be domiciled in this State at the time of commencing such suit, or shall not have been domiciled therein at the time the cause for divorce arose, before any decree of divorce shall be granted the complainant must prove that the parties have actually lived and cohabited together as husband and wife within this State, or that the complainant has in good faith resided in this State for two years immediately preceding the filing of the bill or petition for divorce."

The last quoted provision of the statute has no application to the instant case because both parties were domiciled in this State at the time the cause of divorce arose. The record is indefinite as to defendant's domicile when this suit was commenced, although service was obtained in Michigan. The trial court was in error in holding that plaintiff's bill should be "dismissed for lack of evidence of jurisdiction." It was alleged and the uncontradicted testimony disclosed that plaintiff lived in this State at the time suit was started and for more than a year prior thereto; that the cause of divorce arose in this State and defendant was then domiciled in this State; and also it appears personal service was obtained upon defendant in Michigan. While not on all fours with the instant case, as having a bearing upon the legal question here presented, see: *Colburn* v. *Colburn,* 70 Mich. 647; *Bradfield* v. *Bradfield,* 154 Mich. 115 (129 Am. St. Rep. 468); *Hoffman* v. *Hoffman,* 155 Mich. 328; *White* v. *White,* 242 Mich. 555.

The order dismissing the bill of complaint is reversed and the cause remanded for further proceedings therein. No costs on this appeal.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.