BANFIELD v. BANFIELD.

1. DIVORCE—JURISDICTION—STATUTES.
   The jurisdiction of the courts in divorce proceedings is wholly statutory (3 Comp. Laws 1929, § 12731, as amended by Act No. 2, Pub. Acts 1941).

2. SAME—JURISDICTION—RESIDENCE REQUIREMENT OF STATUTE.
   The provision of the statute that where a marriage is not performed within this State the party seeking divorce must have resided here for at least one year is mandatory and must be made to appear affirmatively; otherwise the court is without jurisdiction (3 Comp. Laws 1929, § 12731, as amended by Act No. 2, Pub. Acts 1941).

3. SAME—RESIDENCE—STATUTES.
   Residence, as used in divorce statutes, means the place where one resides, an abode, a dwelling or habitation; especially, a settled or permanent home or domicile and consists of fact of abode, and the intention of remaining (3 Comp. Laws 1929, § 12731, as amended by Act No. 2, Pub. Acts 1941).

4. SAME—ACTUAL RESIDENCE—STATUTES.
   Statute prohibiting court from granting decree of divorce unless plaintiff has resided within State for one year immediately preceding time of filing of bill of complaint requires actual, and not constructive, residence in the State; hence where parties were married outside of State while husband was a resident of this State and wife had not been within this State for a year, court was without jurisdiction to grant divorce to her (3 Comp. Laws 1929, § 12731, as amended by Act No. 2, Pub. Acts 1941).

Appeal from Genesee; Gadola (Paul V.), J. Submitted April 11, 1947. (Docket No. 70, Calendar No. 43,706.) Decided May 16, 1947.

Bill by Cherry Hazel Banfield against Charles Peter Banfield for a divorce on ground of extreme and repeated cruelty. Bill dismissed on jurisdictional grounds. Plaintiff appeals. Affirmed.

*Harold H. Bobier,* for plaintiff.

CARR, C. J. The question at issue in this case is whether plaintiff is entitled to maintain her suit for divorce in the circuit court of Genesee county. The bill of complaint, filed February 26, 1946, alleged that the parties were married in London, England, on or about December 16, 1944, that at that time defendant was a sergeant in the United States army, stationed in England, that plaintiff was a member of the British armed forces, belonging to the women's section of the Royal Air Force, that the parties lived together as husband and wife until the latter part of March, 1945, and that in May following defendant left England for the United States. Plaintiff further averred that defendant assured plaintiff that he would make arrangements for her to come to this country as soon as possible, that she intended to follow defendant as soon as war regulations would permit, and that it was the intention of the parties at that time to establish a home together wherever defendant might reside after the war. Plaintiff further claimed that defendant failed to answer her letters, that he did not send her money for her support, and that, according to her information, he had conducted himself, since returning to the United States, in a manner subversive of the marital relation. It is conceded that plaintiff has not at any time actually lived in Michigan. In the bill of complaint she alleged that the defendant was, at the time of the

marriage and also at the time of the institution of the divorce action, a resident of Genesee county in this State, and that she became, and still is, ''an inhabitant of this State by virtue of a marriage ceremony performed between the parties as above \stated.'' It thus appears that plaintiff brought her action in reliance upon the theory that constructive residence was sufficient to satisfy the jurisdictional requirements of the Michigan statute (hereinafter more specifically referred to), and that actual residence within the State was not necessary.

Process was duly issued on the filing of the bill and personal service was had on defendant in Genesee county. He did not, however, enter an appearance in the case, and the matter was brought on for hearing before the court on the bill of complaint taken as confessed. On behalf of plaintiff and in support of her charges of extreme and repeated cruelty, testimony of a witness was offered and received. Thereupon consideration was given to the question of jurisdiction and the trial court, being of the opinion that the suit could not be maintained in view of the situation as to plaintiff's residence, entered an order dismissing the bill of complaint. From such order plaintiff has appealed.

Plaintiff relies on the rule that the domicile of the wife follows, as a general proposition, the domicile of the husband. It is claimed, in substance, that domicile and residence are practically synonymous terms and that, in determining residence, intent is of primary importance. In accordance with the averments of the bill of complaint it is insisted that on plaintiff's marriage to defendant, in December, 1944, Genesee county became, constructively, her matrimonial domicile.

The rule is well established in this State that the jurisdiction of the courts in divorce proceedings is

wholly statutory. *Haines* v. *Haines,* 35 Mich. 138; *Baugh* v. *Baugh,* 37 Mich. 59 (26 Am. Rep. 495); *White* v. *White,* 242 Mich. 555. The pertinent provisions of the statute relating to the matter at issue here are found in 3 Comp. Laws 1929, § 12731, as last amended by Act No. 2, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 12731, [Stat. Ann. 1946 Cum. Supp. § 25.89]). Said section provides in part as follows:

"No decree of divorce shall be granted by any court in this State in any case unless:

"First, The party applying therefor shall have resided in this State for 1 year immediately preceding the time of filing the bill or petition therefor; or,

"Second, The marriage which it is sought to dissolve was solemnized in this State, and the party applying for such divorce shall have resided in this State from the time of such marriage until the time of bringing such suit for divorce."

Obviously, the second alternative in the language quoted has no application in the case at bar. The question is whether it can be said under the facts averred in plaintiff's bill of complaint that she resided in this State for the required time prior to bringing the suit. This depends on whether the language of the legislature, as set forth in the statute, is construed as requiring actual residence, or, as claimed by plaintiff, constructive residence only. The trial court in his opinion referred to specific language in the section in question and came to the conclusion that actual residence is necessary to satisfy the jurisdictional requirement. It is a fair inference that the word "resided," as used throughout the section, was intended to have, in each clause where appearing, the same meaning. This is also true of other words of like import. Thus, in refer-

ring to divorces sought on the ground of desertion, it is provided that such act shall be deemed to have occurred in this State when the parties "shall have been actually and in good faith domiciled in this State" at the time of abandonment, without proof of actual intent at such time. Of even greater significance is the proviso in the following excerpt from said section:

"Whenever the cause or causes for divorce charged in the bill or petition shall have occurred out of this State, no decree of divorce shall be granted unless the complainant or defendant, 1 or both of them, shall have resided in this State for 1 year immediately preceding the filing of the bill or petition for such divorce: Provided, however, That absence from this State not to exceed 90 days shall not be construed as to interfere with the fulfillment of the 1 year residence requirement hereinbefore or hereinafter provided in the case of causes for divorce occurring without this State."

The reference to a possible absence not exceeding 90 days indicates rather conclusively that the legislature had in mind, in the enactment of the provision quoted, actual residence in Michigan. An analysis of all of the provisions of the section indicates clearly that the term "residence" was used in the sense of an actual residence rather than a constructive one. Such was the theory recognized in *White* v. *White, supra,* in which the defendant appealed from a decree of the trial court granting a divorce to plaintiff, claiming that plaintiff had not resided in this State for one year preceding the time of filing the bill. Proofs indicated that plaintiff had actually lived in Michigan 11 months and 24 days before bringing suit. The parties had lived together in Detroit for 11 and one-half months im-

mediately preceding their separation which occurred 9 days before action was brought. The record in the case indicates that the defendant husband had resided in Michigan for some six months prior to the time that his wife came here from Georgia. It does not appear that any claim of constructive residence was made in her behalf, and such theory was not recognized by this Court. In holding that plaintiff was not entitled to maintain the suit it was said:

"The statute requires a full year's residence and a less period does not give the court jurisdiction. Such a residence was not established by the plaintiff. Divorce proceedings are wholly statutory and not within the original cognizance of courts of equity. *Haines* v. *Haines,* 35 Mich. 138. The provision of the statute as to residence is mandatory and it must be made to appear affirmatively; otherwise the court is without jurisdiction. *Bradfield* v. *Bradfield,* 154 Mich. 115 (129 Am. St. Rep. 468); *Hoffman* v. *Hoffman,* 155 Mich. 328."

In *Smith* v. *Foto,* 285 Mich. 361 (120 A. L. R. 801), it was said:

"One who is not a resident of Michigan may not appeal to its courts for divorce. *Wright* v. *Genesee Circuit Judge,* 117 Mich. 244; *Hoffman* v. *Hoffman,* 155 Mich. 328; *Bradfield* v. *Bradfield,* 154 Mich. 115 (129 Am. St. Rep. 468). 'Residence,' in the divorce statutes of this State, means the place where one resides; an abode; a dwelling or habitation; especially, a settled or permanent home or domicile. Residence is made up of fact and intention. There must be the fact of abode, and the intention of remaining. *Wright* v. *Genesee Circuit Judge, supra.*"

The interpretation of the Michigan statute, above indicated, appears to be in accord with the general rule. In the annotation following *Hiles* v. *Hiles,*

164 Va. 131 (178 S. E. 913), as reported in 106 A. L. R. 1, it is said:

"It is usually held that a statutory requirement of residence for a specified period means actual and not constructive residence, thus in effect imposing a requirement additional to that of mere legal domicil."

In support of the statement quoted a number of cases from different States are cited; and the statement is repeated, with further citations, in the annotation following *Allan* v. *Allan*, 132 Conn. 1 (42 Atl. [2d] 347), as reported in 159 A. L. R. 493.

The trial court correctly determined that the provisions of the Michigan statute, above referred to, require actual residence in this State, and that constructive residence or domicile is not sufficient to confer jurisdiction. The order dismissing the bill of complaint is affirmed.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.