455 S.E.2d 740

**Felicia L. DONALD**

v.

**FAIRFAX COUNTY DEPARTMENT OF HUMAN DEVELOPMENT**

**Record No. 1533–93–4.**

Court of Appeals of Virginia,
Richmond.

April 4, 1995.

James Ray Cottrell, Alexandria (Margaret Gannon, Gannon, Cottrell & Ward, P.C., on briefs), for appellant.

(David P. Bobzien, County Atty., Robert Lyndon Howell, Deputy County Atty., Dennis R. Bates, Sr. Asst. County Atty., on brief), for appellee.

Present: MOON, C.J., and BAKER, BARROW,* BENTON, COLEMAN, KOONTZ, ELDER, WILLIS and FITZPATRICK, JJ.

## UPON A REHEARING EN BANC

BENTON, Judge.

By memorandum opinion dated August 23, 1994, a panel of this Court affirmed the circuit judge's order denying Felicia L. Donald an award of attorney's fees and costs. A dissenting opinion was filed. We granted a rehearing *en banc* and stayed the mandate of that decision. Upon rehearing *en banc,* we hold that the circuit judge had jurisdiction to decide the issues of attorney's fees and costs and that the circuit judge abused her discretion in failing to award attorney's fees and costs.

## I.

This litigation began when the Fairfax County Department of Human Development filed a petition in juvenile and domestic relations district court alleging that Donald abused her two minor children. At the conclusion of a four day *ore tenus*

---

* Judge Barrow participated in the hearing and decision of this case prior to his death on March 28, 1995.

hearing, the juvenile court judge "dismiss[ed] the petition . . . with prejudice as to [Donald]." Finding "evidence that the children said the father told them to do it," the judge took the matter under advisement against the father and set the case for review against the father in six months. The judge also granted Donald temporary custody of the children. At a hearing on the Department's motion to reconsider his ruling, the juvenile judge slightly modified and affirmed his prior order.

The Department appealed to the circuit court from the ruling that Donald had not abused the children. Following an extensive trial in the circuit court, the circuit judge ruled that the Department's appeal was untimely and dismissed the petition. In issuing her ruling, the circuit judge also found, however, that the evidence failed to prove that Donald abused her children. Relying upon the doctrine of sovereign immunity, the circuit judge denied Donald's motion for attorney fees and costs.

On her appeal to this Court from the circuit judge's refusal to award her attorney fees and costs, Donald contended that the circuit judge erred in ruling that the doctrine of sovereign immunity barred recovery of her fees and costs. The Department argued in response that the circuit judge lacked jurisdiction to award fees and costs and, alternatively, that the circuit judge did not abuse her discretion in refusing to award attorney fees and costs. In arguing that the circuit judge did not abuse her discretion, the Department asserted as one of the factors that it was entitled to sovereign immunity. On rehearing *en banc,* the Department's brief is silent on the issue of sovereign immunity.

## II.

We reject the Department's argument that the circuit judge lacked jurisdiction to assess fees and costs. The precedent is well established to the contrary. The circuit judge had the power to assess costs and attorney fees following her finding at the conclusion of the hearing that the

Department had failed to timely file its notice of appeal. *See Starring v. Kemp,* 167 Va. 429, 438, 188 S.E. 174, 178 (1936) (per curiam) (attorney fees awarded notwithstanding the fact that the court's "jurisdiction was not invoked by the right people"); *Hiles v. Hiles,* 164 Va. 131, 140, 178 S.E. 913, 917 (1935) (costs and attorney fees awarded even though the suit was dismissed because the parties were not residents within the meaning of the divorce statute). The decisions of the Supreme Court of Virginia are consistent with the general rule that a judge has the power to award costs and attorney fees even though the judge has dismissed an action for lack of jurisdiction. *Wright v. Jackson,* 522 F.2d 955, 957 (4th Cir. 1975). *See also Litz v. Rowe,* 117 Va. 752, 761–62, 86 S.E. 155, 158 (1915).

### III.

 The circuit judge had statutory authority to award costs and attorney fees. In the appeal to the circuit court from the juvenile court's finding of no child abuse, the circuit court acts as a court of equity and, therefore, is required to conform to equity practice. Code § 16.1–296(F). Furthermore, Code § 16.1–296(G) provides that costs, taxes, and fees may be awarded on appeal "in those cases in which a trial fee could have been assessed in the juvenile ... court and shall be collected in the circuit court." Pertinent to this case, Code § 16.1–278.19 provides as follows:

> In any matter properly before the court [defined by Code § 16.1–228 as the juvenile court], the court may award attorneys' fees and costs on behalf of any party as the court deems appropriate based on the relative financial ability of the parties.

Therefore, the circuit judge was empowered by statute to award costs and attorney fees in this case.

### IV.

 Contrary to the circuit judge's ruling, sovereign immunity is no bar to an award of costs or attorney fees in this

case. Although Code § 14.1–201 states that "in no case, civil or criminal, except when otherwise specifically provided, shall there be a judgment for costs against the Commonwealth," Code § 14.1–177 provides in pertinent part that "the laws of costs shall not be interpreted as penal laws; nor shall anything in this chapter take away or abridge the discretion of a court of equity over the subject of costs." Because the circuit judge was required to conform to equitable practices, Code § 14.1–177 exempts the Commonwealth from the shelter of Code § 14.1–201. *See Commonwealth v. County Utilities*, 223 Va. 534, 546–47, 290 S.E.2d 867, 875 (1982).

## V.

■ Donald proffered in the circuit court substantial evidence that the costs she incurred in defending against the Department's petition were high and that the Department contributed to making that defense more onerous than might have been necessary. In response to Donald's fee request, the Department argued that although under Code § 16.1–278.19 the circuit judge had discretion to award attorney fees, the circuit judge should deny Donald's request for attorney fees. As reasons why the request should be denied, the Department argued that it had acted reasonably in bringing the action and that the circuit judge "lacked the expertise to analyze the County's budget" in assessing whether the Department had the relative financial ability to pay attorney fees.

The facts of this case manifest a compelling need for an award of costs and reasonable attorney fees. The record proves that at the conclusion of a four day evidentiary hearing on the Department's allegations that Donald sexually abused her children, the juvenile court judge found the Department's evidence to be incredible and dismissed the petition with prejudice. When the Department filed a motion for rehearing, the juvenile court judge denied the motion and commented that "if this matter is retried in circuit court it's a travesty ... it is a travesty."

Nonetheless, the Department appealed the matter to the circuit court. Donald moved the circuit court judge to dismiss the appeal because it was not timely filed. The circuit judge took the motion under advisement. Following an eleven day evidentiary hearing, the circuit court judge ruled that the appeal was untimely and dismissed it. The text of the judge's ruling is significant:

Number one, I want to address the procedural question. This is something I had concluded before we heard from Dr. Berlin. You may wonder why I didn't tell you beforehand in light of what I'm going to rule on now, but I will give you that explanation shortly.

One, I believe that the appeal of the decision with respect to Dr. Donald was untimely. Obviously the implication there is that no matter what the evidence might show, the petition should be dismissed.

I did not advise you of that earlier for two reasons. One, I felt that after the time and expense and effort—and also because I think that there is some benefit to have—to the parties in having a decision made, I felt a decision ought to be made on the evidence, which I'm prepared to do.

Secondly, if the case is appealed, I think the—that is, if that issue is appealed—I feel that it is important to have a decision on the record so that whatever the next court decides, they can either sustain the finding on the record or—if that becomes important.

That's the reason I didn't give you the decision earlier. Because even if I had, I was certainly going to go ahead with the evidence and conclude the case for the reasons stated.

But the bottom line is I believe the appeal is untimely. I think the decision as to her was final as of the first order of Judge Schell. The motion to reconsider did not extend the time for filing the appeal as to her.

Number two, as to the evidence in the case, I think the petition should likewise be dismissed.

Based upon the juvenile court judge's comment on the lack of evidentiary merit in the Department's proof and the circuit judge's finding that the petition would have been dismissed on its merits, we reverse the circuit judge's order denying Donald her costs and attorney fees. We remand the case to the circuit judge for a determination of reasonable attorney fees to be fixed together with costs.

*Reversed and remanded.*

BAKER, Judge, concurring in result.

I respectfully concur with the majority's finding that the trial court erred when it held that it did not have jurisdiction to determine whether appellant was entitled to an award of attorney's fees and costs. I disagree that the trial court, at any time, decided a discretionary act and, therefore, cannot join with the majority's finding that an abuse of discretion has been shown.