COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

TAMMY GAIL WALDEN COLE

v.    Record No. 1570-95-1                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
ROBERT CLARK COLE                          FEBRUARY 27, 1996

          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                     John E. Clarkson, Judge

            (George A. Christie; Christie & Kantor, on
            brief), for appellant.

            (Henry M. Schwan; Allan D. D. Cahill, on
            brief), for appellee.


     Tammy Gail Walden Cole (mother) appeals the decision of the

circuit court awarding Robert Clark Cole (father) physical

custody of the parties' minor daughter.  Mother also argues that

the trial court erred in disqualifying the opinion testimony of

her expert witness; crediting father with $6,000 from the sale

proceeds of the parties' North Carolina property; and failing to

award mother her costs and attorney's fees.  Father contends the

trial court erred by failing to award him his attorney's fees and

costs.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  Rule 5A:27.

     The evidence was heard by the commissioner in chancery, to

whose report father filed numerous exceptions.  The trial court

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

accepted the majority of father's exceptions.  On review, we note

that the commissioner's report

> should be sustained unless the trial court
> concludes that the commissioner's findings
> are not supported by the evidence.  This rule
> applies with particular force to a
> commissioner's findings of fact based upon
> evidence taken in his presence, but is not
> applicable to pure conclusions of law
> contained in the report.  . . . [W]here the
> chancellor has disapproved the commissioner's
> findings, this Court must review the evidence
> and ascertain whether, under a correct
> application of the law, the evidence supports
> the findings of the commissioner or the
> conclusions of the trial court.  Even where
> the commissioner's findings of fact have been
> disapproved, an appellate court must give due
> regard to the commissioner's ability, not
> shared by the chancellor, to see, hear, and
> evaluate the witnesses at first hand.

Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984)

(citations omitted).

### Custody

"In matters of custody . . . the court's paramount concern

is always the best interests of the child."  Farley v. Farley, 9

Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

> In matters of a child's welfare, trial courts
> are vested with broad discretion in making
> the decisions necessary to guard and to
> foster a child's best interests.  A trial
> court's determination of matters within its
> discretion is reversible on appeal only for
> an abuse of that discretion, and a trial
> court's decision will not be set aside unless
> plainly wrong or without evidence to support
> it.

Id. at 327, 387 S.E.2d at 795 (citations omitted).  Factors to be

considered when determining a child's best interests include,

among others, the child's age and physical and mental condition, "giving due consideration to the child's changing developmental needs;" "the relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life . . .;" and "[t]he role which each parent has played and will play in the future, in the upbringing and care of the child."  Code § 20-124.3(1), (3), and (5).

Contrary to mother's assertion, the court's opinion, rejecting the recommendation of the commissioner in chancery that custody of the child be so ordered to her, demonstrates that the court applied the appropriate legal standard to its determination of custody.  The court discussed the statutory factors, noting that "the past . . . is the best prognostication for the future."  Based upon the "majority of the evidence from the hearing and the social history" prepared for the district court, the trial court concluded that father was "a good father" and "the best caretaker" who "had a positive, continuing involvement with the child" and "to the best of his ability under extremely difficult situations, met the emotional, intellectual, educational and physical needs of the child."  In assessing mother's role, the court noted that she

> does not now have custody of her son from a former marriage, at one time, deserted the child of this marriage by moving out and has committed adultery and continues to live with a male during the time that this divorce has been filed.  She apparently does not believe that a father can raise a daughter.

3

The child's teachers testified that father was on the school's volunteer list and participated in school activities and field trips. Father enrolled the child in ballet and gym classes. There was evidence that mother reduced her visitation with the child to accommodate the fact that her companion was away only one night.

While the court stated that it found "no legal reason to change custody at this time," the court did not impose upon mother any requirement to demonstrate a change in circumstances meriting a change in custody. The court's ruling demonstrates that it considered the evidence to determine which parent would provide the child with the best primary residence at this time.

Based upon our review of the evidence, we find that the evidence supports the conclusion of the trial court that the best interests of the child were served by granting father physical custody.

<u>Disqualification of Expert Witness' Opinion Testimony</u>

The trial court accepted, without comment, the following exception by father to the commissioner's report: "2. The Commissioner's erroneous custody recommendation is found upon the opinions of a unqualified alleged 'expert' nurse (Michele Zimmerman); objections to the qualifications of this witness as an expert witness and to the opinions of that witness were timely made."[1]

---

[1] It is unclear from this exception, and from the record as a whole, whether the trial court determined that Zimmerman did not

4

Zimmerman testified that she was a clinical nurse specialist, with a master's degree in psychiatric and mental-health nursing, and was board-certified as a specialist in both adult and child/adolescent psychiatric nursing, and was certified in family therapy. Zimmerman also testified that she was a practicing psychotherapist, but was neither a psychiatrist nor a psychologist. Zimmerman noted that she had published in the areas of addictions, child sexual abuse and stress management, and wrote a unit in a book for persons taking advanced practice boards on the diagnosis and treatment of child and adolescent psychiatric disorders. Zimmerman was offered as an expert in child and adolescent psychology in order "to talk about evaluations of children and family relations."

In her testimony, Zimmerman admitted that she had not met father and she had little information about the child's life with her father. Conclusions she drew about father were based on the information received from mother. The trial court did not, and was not required to, "accept as conclusive the opinion of an expert." Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989). Thus, while Zimmerman may have been qualified as an expert, we cannot say the trial court erred in rejecting her opinion.

Zimmerman stated that "all things being equal, two equally

qualify as an expert or that she did qualify but that the court nonetheless rejected her opinions. For our purposes, we assume the latter.

5

loving and competent parents . . . it makes sense for the child to be with the same-sex parent."  The trial court determined that the parents were not equal and that father was the better caretaker.[2]  Evidence supports the trial court's decision. Therefore, we find no reversible error in the decision of the trial court to reject the opinion of mother's expert witness.

### Traceable Funds

The parties agreed that the $6,000 received by father as an advance on his inheritance was his separate property, and that father used that money as part of the down payment on the purchase of the parties' property in North Carolina.  Code § 20-107.3(A)(1)(ii).  Under the statutory scheme, property can be classified as part marital and part separate, and marital property includes "all property titled in the names of both parties . . . except as provided by subdivision A 3."  Code § 20-107.3(A)(2)(i).  In particular, the statute states:

> e.  When marital property and separate property are commingled into newly acquired property resulting in the loss of identity of the contributing properties, the commingled property shall be deemed transmuted to marital property.  However, to the extent the contributed property is traceable by a preponderance of the evidence and was not a gift, the contributed property shall retain

---

[2]Zimmerman also stated that "most child experts would agree that, given a little girl of tender years, that it is in a child's best interests to be with the same-sex parent."  Code § 20-124.2(B) provides that "[a]s between the parents, there shall be no presumption or inference of law in favor of either." Reliance upon a "tender years" presumption or inference in custody determinations is reversible error.  Visikides v. Derr, 3 Va. App. 69, 72, 348 S.E.2d 40, 42 (1986).

                    its original classification.

Code § 20-107.3(A)(3)(e) (emphasis added).  Moreover, under
subsection (g), "[n]o presumption of gift shall arise under this
section where (i) separate property is commingled with jointly
owned property . . . ."  The classification of the property "is
determined by the statutory definition and is not determined by
legal title."  Garland v. Garland, 12 Va. App. 192, 195, 403
S.E.2d 4, 6 (1991).

        Father traced the use of his separate property as part of
the funds used to purchase the North Carolina property.  The fact
that the property was jointly titled did not create a presumption
of a gift by father.  Mother presented no other evidence to prove
the $6,000 was a gift.  Therefore, the trial court did not err in
allowing father to recover his separate funds from the sale
proceeds.

                    Attorney's Fees and Costs

        Awards of attorney's fees or costs are matters submitted to
the sound discretion of the trial court and are reviewable on
appeal only for an abuse of discretion.  Graves v. Graves, 4 Va.
App. 326, 333, 357 S.E.2d 554, 558 (1987).  Cf. Donald v. Fairfax
County Dep't of Human Dev., 20 Va. App. 155, 160-62, 455 S.E.2d
740, 743-44 (1995).  The key to a proper award of counsel fees or
costs is reasonableness under all the circumstances.  McGinnis v.
McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

        The trial court required the parties to pay their own

                                7

attorney's fees and share the costs equally.  We cannot say that the trial court abused its discretion in denying either party an award of attorney's fees and in splitting the costs.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>