COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


GREGORY JOSEPH BUKA

                                             MEMORANDUM OPINION*

v.   Record No. 2353-02-2                  PER CURIAM
                                       MARCH 11, 2003

JUDITH MARIE SMITH, F/K/A
 JUDITH MARIE BUKA


FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
John W. Scott, Jr., Judge

(Stephen M. Farmer; Steven P. Woodside;
Stephen M. Farmer, P.C., on brief), for
appellant.

(Kenneth P. Mergenthal, on brief), for
appellee.


Gregory Buka (husband) contends the trial court failed to obtain jurisdiction over the case and, as a result, its decree of divorce is void.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

On October 10, 2001, Judith Marie Buka (wife) filed a bill of complaint in the trial court seeking a divorce.  In paragraph 1, wife indicated that she and husband were married in Prince William

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

County, Virginia on October 8, 1994. In paragraph 3, wife declared she "is domiciled in and has been a bona fide resident of the State of Virginia for more than six months next preceding the commencement of this suit."

In a December 12, 2001 deposition, wife avowed she has been a resident of Virginia for thirty-one years.

In answer to deposition questions, wife's mother, Judith Marie Smith, stated that she has known wife for thirty-one years and that wife has been a resident of Virginia for thirty-one years.

In the December 19, 2001 final decree, the trial court explained that it considered the evidence, including argument by counsel and "the Depositions of the Plaintiff and of the witness" which "were duly taken before a Notary Public," and found that wife "is domiciled in and has been a bona fide resident of the State of Virginia for more than six months next preceding the commencement of this suit."

On June 11, 2002, husband filed a "Praecipe" asking the trial court to reopen the case and "vacate the Final Decree of Divorce." On that same date, husband filed an "Answer and Cross-Bill of Complaint for Divorce" in which he "admit[ted] to all allegations contained in [wife's] Bill of Compliant" and "incorporate[d] by reference the allegations contained in" wife's bill of complaint.

On June 18, 2002, the trial court conducted a hearing on husband's motion. The trial court found that the wife and

wife's mother "having testfiied that [wife] was a resident of the State of Virginia for 32 years [sic] was sufficient to prove that the [wife] was an actual bona fide resident and domiciliary of the Commonwealth" in accordance with Code § 20-97. The trial court also held that husband's "failure to file [a timely] Answer, attend despositions [sic], or to question [wife's] residency and domicile, together with [his untimely] answer" admitting that wife "was indeed a resident and domiciliary of the State of Virginia" precluded him from reopening the suit and re-litigating the question of domicile.

DISCUSSION

Code § 20-97 provides, in pertinent part:

> No suit for annulling a marriage or for divorce shall be maintainable, unless one of the parties is and has been an actual bona fide resident and domiciliary of this Commonwealth for at least six months preceding the commencement of the suit; nor shall any suit for affirming a marriage be maintainable, unless one of the parties be domiciled in, and is and has been an actual bona fide resident of this Commonwealth at the time of bringing such suit.

Compliance with the provision of the Code's requirement that one of the parties "'is and has been an actual bona fide resident of this State for at least one year [now six months] preceding the commencement of the suit for divorce' is essential to the maintenance of the suit and must be established by evidence introduced in the cause." Hiles v. Hiles, 164 Va. 131, 139, 178 S.E. 913, 916 (1935) (citing former Code § 5105).

- 3 -

"A court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). "Generally, the party asserting that a judgment is void for lack of subject matter jurisdiction has the burden of proving that fact." Winston v. Commonwealth, 26 Va. App. 746, 752, 497 S.E.2d 141, 144-45 (1998); see also Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991) (on appeal, the trial court's judgment is presumed correct and the burden is on the party alleging reversible error to show by the record that he is entitled to reversal).

In its decree, the trial court stated that it considered all the evidence and found that wife "is domiciled in and has been a bona fide resident" of the state for the required period of time. That evidence included the deposition testimony of wife's mother who corroborated wife and stated that wife has been a Virginia resident the entire time she has known her daughter; in other words, wife is a lifelong resident and domiciliary of the Commonwealth. Furthermore, the trial court reaffirmed its holding following the hearing on husband's motion to vacate. The record satisfactorily established that wife was "an actual bona fide resident and domiciliary of this Commonwealth for at least six months preceding the commencement of the suit." Code

§ 20-97.  Accordingly, the trial court properly obtained

jurisdiction and correctly denied husband's motion to vacate.[1]

Affirmed.

---

[1] Because we find the evidence sufficiently established the domicile requirements of Code § 20-97, we do not address or rely upon the fact that husband took inconsistent positions before the trial court.  Specifically, he challenged the trial court's acquisition and exercise of jurisdiction, yet admitted in his untimely answer and cross-bill "to all the allegations contained in" wife's bill of complaint.