CAROLINE STITZER ROCK

v.

JOHN RIXEY ROCK

No. 0921-87-2

Decided September 20, 1988

COUNSEL

Zephia B. Scarborough (Sylvia Clute; Clute & Shilling, on brief), for appellant.

Edward D. Barnes (Englisby, Barnes & Allen, on brief), for appellee.

OPINION

**COLE, J.** — The issue raised in this appeal is whether the trial court erred in dismissing the appellant's divorce suit for lack of jurisdiction under Code § 20-96(B). We find that it did and reverse the trial court's decision.

I.

On January 12, 1987, the appellee, Mr. Rock, filed a bill of complaint in the Circuit Court of Middlesex County seeking a divorce. On January 14, 1987, Mrs. Rock filed a bill of complaint in the Circuit Court of the City of Richmond seeking a divorce. Each party alleged that the parties last cohabited as husband and wife in the jurisdiction in which each filed his or her respective complaint.

Mr. Rock subsequently filed a motion to dismiss in the Circuit Court of the City of Richmond, contending that, because the Rocks voted in Middlesex County, listed it as their home for tax purposes, and spent seventy-five percent of their time there, Middlesex County was their primary residence, and that the con-

dominium they owned in Richmond, used on only a temporary basis, lacked the permanency necessary for cohabitation under Code § 20-96(B). Mrs. Rock contended that, because the parties at the time of separation had been living in Richmond for a month and a half and were planning to stay there until winter ended, the Rocks lived in the Richmond area with sufficient permanency to satisfy the jurisdictional requirement of cohabitation. The Circuit Court of the City of Richmond dismissed Mrs. Rock's bill of complaint for lack of jurisdiction, finding that the parties did not last cohabit in Richmond as contemplated by Code § 20-96(B). On appeal, Mrs. Rock challenges the correctness of that ruling.

## II.

Caroline and John Rock were married on March 1, 1954, in Hanover County, Virginia. In 1965, they purchased and lived in a home in Henrico County. The parties have owned and operated a supply company in Henrico County since 1969.

In 1975, the Rocks purchased a lot on Stove Point near Deltaville in Middlesex County, Virginia. They built a house on the lot, which was completed in 1977. Thereafter, the parties spent the weekends at Stove Point and lived in their Henrico County home during the week. Beginning in 1982, the Rocks spent the spring, summer, and fall months at Stove Point and the winter months in their Henrico County home. The Rocks sold their home in Henrico County in June of 1983 and purchased a condominium in the City of Richmond. They moved into the condominium in December of 1983. They continued to spend eight or nine months of the year at Stove Point and three to four months of the year in Richmond.

Prior to the date of separation, furniture and other furnishings were divided equally between the Stove Point home and the Richmond condominium. They had invested approximately $170,000 in the Richmond condominium and approximately $125,000 in the Stove Point property. At the time of the hearing, each home had a market value of approximately $225,000. The couple's 1984 tax return stated their address as Stove Point. On this same return, the Rocks classified the Richmond condominium as rental property; however, it was never rented because the interior was being renovated. They paid personal property taxes in

Deltaville and real estate taxes in Richmond on the condominium. They paid no personal property taxes on their automobiles because they were registered to the business. The Rocks have been registered to vote in Deltaville since 1984 and voted by absentee ballot.

In September, 1985, the Rocks moved back to the Richmond condominium earlier than usual because of inclement weather caused by Hurricane Gloria. Mrs. Rock's appointment calendar, various sales receipts, and utility bills indicated that the parties' activities from September 1985 until November 18, 1985, were in Richmond. During this period, the parties went to Stove Point only one or two days to check for possible damage caused by the hurricane. On November 18, 1985, Mr. Rock took his clothes and left the Richmond condominium.

## III.

██ Code § 20-96(B), at the time pertinent to this suit, provided that a suit for divorce shall be brought in the county or corporation in which the parties last cohabited or at the option of the plaintiff, in the county or corporation in which the defendant resides, if a resident of this State.[1] Virginia courts consistently have held that venue statutes in divorce proceedings are mandatory and jurisdictional. *Netzer v. Reynolds*, 231 Va. 444, 448, 345 S.E.2d 291, 294 (1986).

██ The term "last cohabited" means the location where the couple last " 'dwelled together under the same roof with more or less permanency.' " *Colley v. Colley*, 204 Va. 225, 228, 129 S.E.2d 630, 632 (1963) (quoting *Tarr v. Tarr*, 184 Va. 443, 448, 35 S.E.2d 401, 404 (1945)). It is " 'the place where the parties ceased to live together as husband and wife in the same house, and ordinarily carries with it the idea of a substantial measure of temporal continuity.' " *Id.* at 229, 129 S.E.2d at 633 (quoting *Jennings v. McDougle*, 83 W. Va. 186, 190, 98 S.E. 162, 164 (1919)). Cohabitation imports a dwelling together of husband and wife for some period of time and excludes mere visits or journeys. *Id.* The term "last cohabited" is not determined by the location where the parties last had sexual relations. *Colley*, 204 Va. at 228, 129 S.E.2d at 632.

---

[1] The 1987 amendment to Code § 20-96(B) substituted "city" for "corporation."

■ The Code, in setting forth the requirements for jurisdiction in divorce proceedings, also uses the term "domiciled."[2] Domicile contemplates living in a place with the intent to remain there permanently or for an indefinite period of time. *Howe v. Howe*, 179 Va. 111, 118-19, 18 S.E.2d 294, 297 (1942). "Time is not of the essence; intention is." *Id.*

Domicile and cohabitation are distinctly different concepts and should not be equated or confused. Domicile is not determined solely by the location where people reside, while cohabitation is. Cohabitation does not require an intent to remain somewhere indefinitely, while domicile does. The factors upon which Mr. Rock relies bear more on where the parties were domiciled than on where they cohabited. We find that the parties cohabited both in Middlesex County and Richmond. They lived together as husband and wife in both places and had done so since 1983. The three month stay in Richmond each year was not a mere visit or journey. The evidence showed that the parties resided in the Richmond metropolitan area long before they purchased the lot at Stove Point. They owned a home in Richmond and a business in Henrico County. They entertained there and conducted their routine activities there. Their stated purpose in maintaining a home in Richmond was so that they could live there during the winter months when Stove Point was inaccessible because of the weather. Therefore, Richmond was their home during the winter.

While the Rocks cohabited in both Middlesex County and Richmond, they only "last cohabited" in one. On November 18, 1985, Mr. Rock took his clothes and left the condominium in Richmond. Therefore, Richmond is the place where they "last cohabited" as prescribed by Code § 20-96(B).

Accordingly, we reverse the trial court's judgment and remand for further proceedings in the Circuit Court of the City of Richmond.

*Reversed and remanded.*

Benton, J., concurred.

---

[2] Code § 20-97 requires that at least one of the parties to the divorce suit be domiciled in Virginia and have been an actual bona fide resident of Virginia for at least six months preceding the commencement of the suit. This requirement is jurisdictional. *Howe v. Howe*, 179 Va. 111, 119, 18 S.E.2d 294, 297 (1942).

Baker, J., dissenting.

I respectfully disagree with the majority's finding that the trial court erred in dismissing wife's suit. The majority states that "cohabitation does not require an *intent* to remain somewhere indefinitely, while domicile does." I am of opinion that intent is as important in determining the place of "last cohabitation" as it is in determining residency or domicile. I am further of opinion that a person's intent is a factual issue and that the trial court is the tribunal for the resolution of facts. If a factual determination of intent must be made, our assignment is to review the record and decide whether it contains evidence sufficient to support the judgment of the trial court. *See* Code § 8.01-680.

"Error is not presumed. The presumption is that the judgment of the trial [judge is] supported by good and sufficient evidence." *Luhring v. Finley, Inc.*, 202 Va. 260, 262, 117 S.E.2d 126, 128 (1960). We may not disturb the findings of the chancellor where they are supported by credible evidence. *Shaughnessy v. Shaughnessy*, 1 Va. App. 136, 138-39, 336 S.E.2d 166, 168 (1985). Where facts are at issue, they must be viewed most favorable to the party who prevailed in the trial court. *Railway Express Agency, Inc. v. Moore*, 201 Va. 928, 931, 114 S.E.2d 626, 629 (1960).

In support of the judgment of the trial court this record discloses that in 1982 the parties established their home and residence in Middlesex. They remained there spring, summer and fall, temporarily living in the "Richmond area . . . when the weather was bad." They purchased an apartment in Richmond but considered it an investment for rental purposes. Their tax return filed in 1985 declared Middlesex as their place of residence. The tax return further disclosed their investment intent as to the Richmond property, since they deducted depreciation and insurance. The trial court noted that depreciation and insurance cannot be deducted for one's personal residence. In 1984, subsequent to their purchase of the Richmond apartment, they registered to vote in Middlesex and their voter registration has continued without interruption. Moreover, prior to 1984 the parties had voted in Henrico and Hanover counties, but never in Richmond.

Shortly before their separation in the fall of 1985, the parties took refuge in the Richmond apartment because hurricane Gloria

had struck the area of their Middlesex residence. They intended to return to Middlesex not later than March after the bad weather subsided, and their living in Richmond was found by the trial court to be for a definite temporary period.

"Residence or domicile, as used in statutes dealing with divorce, contemplates the *intention* to live in [a place] permanently or certainly for an indefinite time." *Howe v. Howe*, 179 Va. 111, 118, 18 S.E.2d 294, 297 (1942) (emphasis added). Abiding in a particular location without the *intention* to live there permanently or indefinitely, does not create a statutory residence. *Id.* "In any event, the intention to make the adopted home *a permanent* home must appear. Time is not of the essence; intention is." *Id.* at 119, 18 S.E.2d at 297 (emphasis added). While *Howe* dealt with residency, *Colley v. Colley*, 204 Va. 225, 129 S.E.2d 630 (1963) considered *cohabitation* as that word was used in Code § 20-96(B), and expressed the view that cohabitation, in its proper meaning in the law of divorce has reference to a "continuing condition." *Id.* at 229, 129 S.E.2d at 632. In further discussing the cohabitation issue, the Court in *Colley* quoted with approval the foregoing references to intent contained in *Howe. Id.* at 229, 129 S.E.2d at 633. It seems both reasonable and logical that, contrary to the majority's view, *intent* governs residence, domicile and the place of last cohabitation. The intention of the parties while staying in Richmond was shown to be for a single purpose, to-wit, to escape bad weather. One does not prove his intent by merely declaring it to be fact. It is the totality of the evidence as presented to and judged by the trial court that determines that issue.

Insofar as an intent to change their place of residence or cohabitation within the meaning of Code § 20-96(B), there is no demonstrative act disclosed by this record which shows that the finding of the trial court was clearly wrong or without evidence to support it. To the contrary, the record discloses that the parties were registered voters of Middlesex and that status had not been changed.[1] The record also discloses that the purpose of owning the place in which they were temporarily residing under the same roof was to

---

[1] *Howe v. Howe,* 179 Va. 111, 119, 18 S.E.2d 294, 297 (1942) noted voter registration as a significant item of disclosing one's intent. Code § 24.1-41 provides the qualification precedent to registering to vote is that the registrant be a resident of the precinct in which he registers.

lease it to others.[2] Except for an occasional overnight stay in Richmond the evidence established that the parties occupied the apartment only to avoid bad weather. All the words and phrases usually associated with cases presenting issues of the kind before us, such as "intention," "domicile," "residence," "permanently" and "intent to remain . . . for an indefinite period of time" suggest that the Middlesex property was the location of "last cohabitation." The trial court's finding was made upon the evidence adduced at trial and we are not free to substitute our judgment for that of the trial court. To reverse the trial court's decision, we must declare that there are no facts in this record to support the judgment, and that contrary to the trial court's finding the parties intended to remain in the Richmond apartment beyond March and for an indefinite period. Such a finding, in my opinion, would be an erroneous application of the appellate standard of review. Code § 8.01-680. The majority has reviewed the facts and found that the parties "last cohabited" in the City of Richmond. The majority thus holds that there is no evidence in this record which would permit the trial court to find otherwise. To reach their conclusion the majority declares that "cohabitation does not require an *intent* to remain somewhere indefinitely . . ." and asserts that the term "last cohabited" merely means dwelling "together under the same roof with more or less permanency." Webster[3] defines "permanency" to mean "something permanent" and defines permanent as "lasting or *intending* to last indefinitely without change." The American Heritage Dictionary[4] defines "permanency" to mean "one that is permanent." It ascribes the meaning of "permanent" to be "fixed and changeless; lasting or meant to last indefinitely and not expected to change in status, condition or place." I respectfully suggest that the evidence in this record reveals no *more or less fixed or changeless condition*, nor does it show that the parties' stay in Richmond was "meant to last indefinitely." In fact, the evidence discloses that their "status, condition or place" was expected to change as soon as the weather permitted. Even by the majority's definition of "more or less permanency," I am of opinion that the judgment of the trial court is supported by the evidence and should be sustained.

---

[2] Proof thereof was contained in their tax returns wherein they deducted depreciation and insurance costs, items not allowed on one's residence.

[3] Webster's New Twentieth Century Dictionary 1335-36 (2d ed. 1965).

[4] The American Heritage Dictionary 924 (2d College ed. 1985).

In conclusion I note that the Supreme Court of Virginia has declared that jurisdiction in divorce suits is purely statutory, and that when the General Assembly confers such jurisdiction on divorce courts, it accomplishes the purpose using clear, detailed language. *Johnson v. Johnson*, 224 Va. 641, 645, 299 S.E.2d 351, 354 (1983). If by the use of the phrase "in which the parties last cohabited" the General Assembly intended to confer jurisdiction on divorce courts in locations where parties reside during temporary stays at summer abodes or dwellings used to ride out storms, it should express that intention in clear, detailed language. No such intention is found in Code § 20-96(B).

Because there was sufficient evidence to support the judgment of the trial court I would affirm.