COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


CHRISTINE ADOTEYE
                                              OPINION BY
v.    Record No. 1256-99-4        JUDGE JERE M. H. WILLIS, JR.
                                            APRIL 18, 2000
PHILIP C. ADOTEYE


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Marcus D. Williams, Judge

        Mary Elliott for appellant.

        Kathryn E. Coward (Bobby B. Stafford; The Law
        Offices of Raby & Stafford, on brief), for
        appellee.


    On appeal from a final order dismissing her divorce suit

for lack of jurisdiction, Christine Adoteye contends that the

trial court erred in ruling that she was not a bona fide

resident of Virginia.  We affirm the judgment of the trial

court.[1]

    Philip and Christine Adoteye were married in 1979 in Ghana.

Mr. Adoteye moved to Virginia in 1982, and Mrs. Adoteye followed

in August 1983.  In September 1985, the couple purchased a home

---

[1] Philip Adoteye contends that the transcript of proceedings
before the commissioner in chancery should be stricken from the
record for non-compliance with the requirements of Rule 5A:8(b).
However, he has failed to demonstrate resulting prejudice.  We
reject his contention.  Furthermore, a statement of facts was
properly prepared and made a part of the record, pursuant to
Rule 5A:8(c).

in Fairfax County.  All three of their children were born in Virginia.  Both Mr. and Mrs. Adoteye are employed by the World Bank.  Mrs. Adoteye holds a G-4 visa, which is a non-immigration visa issued to foreign nationals who live in the United States while working for certain international organizations, including the World Bank.  See 8 U.S.C. § 1101(a)(15)(G)(iv).  The visa is conditioned upon her World Bank employment and will expire if that employment ceases.

On February 23, 1995, the Adoteyes separated.  On March 8, 1995, the Fairfax County Juvenile and Domestic Relations District Court entered a consent order determining issues of custody, visitation, child support, spousal support, and possession of the marital residence.  Pursuant to that order, Mrs. Adoteye continues to reside at the former marital home in Fairfax County.

After the separation, Mr. Adoteye filed for divorce in Ghana.  Mrs. Adoteye objected to Ghana's jurisdiction on the ground that she was a resident of the United States.  In January 1998, the Ghanese court awarded Mr. Adoteye a divorce and subsequently granted him custody of one child and ownership of the Fairfax County residence.  Mrs. Adoteye is appealing that decree in Ghana.

In October 1996, Mrs. Adoteye filed in the trial court a bill of complaint seeking a divorce.  The trial court dismissed her bill of complaint for lack of jurisdiction, ruling that she

-

had not proved <u>bona</u> <u>fide</u> residence in Virginia as required by

Code § 20-97.

Code § 20-97 provides, in relevant part:

> No suit for annulling a marriage or for
> divorce shall be maintainable, unless one of
> the parties is and has been an actual bona
> fide resident and domiciliary of this
> Commonwealth for at least six months
> preceding the commencement of the suit
> . . . .

<u>Id.</u>  "That one of the parties 'is and has been an actual <u>bona</u>

<u>fide</u> resident of this State for at least [the requisite period

of time] preceding the commencement of the suit for divorce' is

essential to the maintenance of the suit and must be established

by evidence introduced in the cause, or the suit should be

dismissed."  <u>Hiles v. Hiles</u>, 164 Va. 131, 139, 178 S.E. 913, 916

(1935) (citation omitted).

> [T]o have been an "actual <u>bona</u> <u>fide</u> resident
> of this State" . . . means to have had in
> this State throughout that period an actual
> <u>bona</u> <u>fide</u> permanent abode, as
> contradistinguished from a sojourn, or
> transitory abode . . . .

> "[P]ermanent abode" means "a for the time
> being fixed or permanent habitation, or
> place or locality of abode," and "transitory
> abode" means a "transitory habitation, or
> place or locality of abode."

> *      *      *      *      *      *      *

> [T]o establish the continued maintenance of
> a place or locality within Virginia as his
> permanent abode, something more is necessary
> than the mere fact that he has always
> entertained an intention ultimately to
> [remain in] and physically reside in

-

Virginia and has had no intention of establishing a permanent residence elsewhere.  There must be some evidence of concurring acts or forbearances to act which tend to show the actual continued maintenance in good faith of some place or locality in Virginia as and for his permanent abode.  Neither the unexpressed nor the mere expressed intention to so maintain a place or locality in Virginia as his permanent abode, is alone sufficient to constitute the maintenance thereof as such.

Id. at 137-38, 178 S.E. at 915-16.  "Domicile contemplates living in a place with the intent to remain there permanently or for an indefinite period of time."  Rock v. Rock, 7 Va. App. 198, 202, 372 S.E.2d 211, 213 (1988).

The determination of domicile and bona fide residence is a mixed question of law and fact, reviewable on appeal.  See Talley v. Commonwealth, 127 Va. 516, 522, 103 S.E. 612, 614 (1920).  On appeal, the fact finding component of that determination is given deference.  See Patterson v. Patterson, 257 Va. 558, 564, 515 S.E.2d 113, 116 (1999) ("[G]reat deference is accorded a trial court's factual findings.").

Mrs. Adoteye contends that she satisfied the requirements of Code § 20-97.  She argues that she proved that she has resided in Virginia since 1983, that she owns a home in Fairfax County, that her children were born in and live in Virginia and speak only English, that she has never returned to Ghana for longer than six weeks at a time, referring to these trips as "vacations," that she holds a Virginia driver's license, has

-

bank accounts in Virginia, has registered automobiles in Virginia, submitted to the jurisdiction of the Fairfax County Juvenile and Domestic Relations District Court, owns no real property in Ghana, has never paid taxes in Ghana, and has stated her intention to remain indefinitely in Virginia. These circumstances, together, create a persuasive package. However, these circumstances, separately and in their totality, are also consistent with a transitory sojourn in Virginia.

Mrs. Adoteye is a citizen of Ghana. She resides in Virginia on a G-4 visa, a non-immigration visa issued to foreign nationals who live in the United States while working for certain international organizations. Her right to remain in the United States, and in Virginia, is dependent upon the continuation of her employment. Should her employment cease, her right to remain in the United States will expire. In the face of this situation, she has taken no step to secure citizenship or an immigration visa. She argues that she has continued under the G-4 visa because of financial benefits afforded by the World Bank to foreign employees sojourning in this country under G-4 visas. We respect her right to make this election. However, continuation under a G-4 visa is inconsistent with intent to become a permanent, bona fide resident and domiciliary of Virginia.

Mrs. Adoteye has refrained from paying federal or state income taxes, availing herself of the exemption afforded alien

-

employees, such as she.  Again, we respect her right to make this election.  However, we view this election in the same light as we view her continuation under the G-4 visa.

Considering the countervailing evidence, the commissioner in chancery determined that Mrs. Adoteye had not proved that she was an actual, _bona_ _fide_ resident and domiciliary of the Commonwealth.  The trial court affirmed that determination.  We cannot say that this determination was plainly wrong.  The judgment of the trial court is affirmed.

<u>Affirmed.</u>