# CIRCUIT COURT OF FAIRFAX COUNTY

Praveen Verma

v.

Vinita Verma

August 30, 2006

Case No. CH-2005-4827

BY JUDGE MARCUS D. WILLIAMS

This matter is before the Court on Complainant's Motion for Reconsideration of this Court's order entered on July 25, 2006, dismissing Complainant's Bill of Complaint for divorce for lack of jurisdiction. For the reasons stated herein, the Motion is denied.

## Facts

In December 2005, the parties traveled from Fairfax, where they had been living, to India. The Complainant contends the parties went to India at Defendant's request so that she could heal after attempting suicide. The Defendant contends that the parties traveled to India in order to work on their marital differences. In March of 2005, the Complainant brought the parties' minor children to India. On June 30, 2005, the Complainant filed for custody of the parties' minor children in the Delhi Court of Guardianship. As a part of his verified pleading, Complainant asserted that he resided in Delhi, India. The verified pleading filed on June 30, 2006, contains this statement made by Complainant: "[T]his Hon'ble court has jurisdiction to entertain and try the present petition as the marriage between the parties was solemnized at Delhi. The petitioner resides at Delhi and the respondent also resides at Delhi." He

amended the petition on July 12, 2005, to add that the parties' children had been admitted to attend school at the Little Angel School in Sonipat, India, but that they were not able to attend as they were presently with the Defendant in Delhi. Again, the pleading was attested. On July 17, 2005, the Defendant filed a criminal complaint against Complainant in India. As of September 22, 2005, the Complainant was still in India, as is evidenced by a letter he wrote to an Indian investigator regarding Defendant's complaint against him. Complainant wrote to the investigator, who was requesting the Complainant return certain dowry items, "I am presently in Chennal looking for some work, as I am absolutely unemployed." By the end of September, Complainant had returned to Fairfax. On October 21, 2005, Complainant filed the instant Bill of Complaint for divorce, which this Court dismissed for lack of jurisdiction because the Complainant was not a *bona fide* resident of Virginia for six months prior to filing his Bill of Complaint.

## Analysis

In Virginia, to obtain a divorce, one of the parties in a divorce action must be a *bona fide* resident and domiciliary of Virginia for six months prior to filing a Bill of Complaint for divorce. Va. Code § 20-97 (2006). This requirement is jurisdictional. *Howe v. Howe*, 179 Va. 111, 18 S.E.2d 294 (1942).

Residence and domicile, as used in Virginia Code § 20-97, are distinct concepts. *Hiles v. Hiles*, 164 Va. 131, 137, 178 S.E. 913 (1935). Residence is permanent abode. *Id*. In order for a party in a divorce suit to be an actual *bona fide* resident of Virginia for six months preceding the institution of the suit, that party must have had, throughout that period an actual *bona fide* permanent abode in Virginia, as contradistinguished from a sojourn, or transitory abode, in Virginia or elsewhere. *Id*.

Mere intent to ultimately remain in and reside in Virginia is not enough to meet the residence and domicile requirement. *Adoteye v. Adoteye*, 32 Va. App. 221, 227, 527 S.E.2d 453 (2000). There must be some evidence of concurring acts or forbearances to act which tend to show the actual continued maintenance in good faith of some place or locality in Virginia as and for his permanent abode. *Id*.

In the instant case, Complainant offers the following evidence that he was a *bona fide* resident and domiciliary of Virginia for at least six months prior to his filing of the Bill of Complaint: a Virginia driver's license, an active Virginia bank account, the registration of his car in Virginia, the fact that his car was insured in Virginia, the filing of State and Federal taxes in

Virginia for the 2005 tax year, as well as unsubstantiated allegations as to the nature of his time in India. Complainant asserts that Defendant forced him to remain in India against his will through the filing of a criminal complaint. Be that as it may, what is certain is that Complainant was not forced to represent before an Indian tribunal, in an action that he, himself, instigated, that he was a resident of India.

Defendant counters that Complainant made sworn representations to an Indian tribunal, the Delhi Court of Guardianship, that he resided in India, was looking for work in India, and was planning on enrolling the parties' children in school in India as late as July 2005.

This Court finds that Complainant's sworn statements to the Delhi Court of Guardianship, made in his July 12, 2005, and July 17, 2005, petitions, designed to specifically invoke the jurisdiction and power of that court, are persuasive evidence, particularly when paired with the fact of Complainant's extended physical presence in India. Complainant was not a *bona fide* Virginia resident for six months prior to the filing of his Bill of Complaint. As such, the Complainant's Motion for Reconsideration is denied.